UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD MCCOLLOUGH,<br><br>Defendant. | Case No. 1:18-cr-00113-BLW-2<br><br>**MEMORANDUM OPINION & ORDER** |

# INTRODUCTION

The Court has before it Defendant's Motion for Revocation of Detention Order and Request for Hearing (Dkt. 51). The Government opposes Defendant's motion (Dkt. 63). For the reasons herein, Defendant's motion is DENIED.

# FACTUAL BACKGROUND

Defendant is charged with (1) conspiracy to aid and abet the distribution of 500 grams or more of methamphetamine and 5 kilograms or more of cocaine; (2) the actual distribution of 5 kilograms or more of cocaine; and (3) two counts of possession of a firearm in furtherance of those drug trafficking crimes. Magistrate Judge Ronald E. Bush ordered the continued detention of Defendant pending trial (Dkt. 36 & 39). Defendant asks the Court to overturn Judge Bush's decision.

# LEGAL STANDARD

The Court reviews Judge Bush's order *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). But the "court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist." *Id.* Still, the District Judge "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id.*

To uphold the order, the Government must show (1) by clear and convincing evidence that the Defendant is a danger to the community, 18 U.S.C. § 3142(f)(2)(B), **or** (2) by a clear preponderance of the evidence that Defendant is a flight risk, *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). "Pretrial detention of a defendant without bail [is permissible] where it is demonstrated *either* that there is a risk of flight or no assurance that release is consistent with the safety of another person or the community *Motamedi*, 767 F.2d at 1406 (emphasis added); *see also United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985) ("A lack of reasonable assurance of *either* the defendant's appearance *or* the safety or the community is sufficient; both are not required.") (emphasis in original).[1] This Court is required to issue "written findings of fact and a written statement of the reasons for the [Defendant's] detention." 18 U.S.C. § 3142(i).

The parties nominally are in dispute regarding the appropriate presumption to apply in this case. Defendant argues in a point heading that "[t]he [c]harges in the [i]ndictment [r]equire a [p]resumption in [f]avor of [r]elease" (Dkt. 51 at 2 *citing* 18

---

[1] Because Defendant's continued detention prior to his trial is proper if the Court finds that the Government has shown, by a clear preponderance of the evidence, that Defendant poses a flight risk, the Court does not address the Parties' arguments as to whether Defendant poses a danger to the community.

**MEMORANDUM OPINION & ORDER - 2**

U.S.C. § 3142(b)).  In that same section however, Defendant acknowledges "[b]ecause of the nature of the charges in this case, there is a statutory rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant" (Dkt. 51 at 3).  The Government argues that a rebuttable presumption in favor of Defendant's continued detention pending trial applies pursuant to 18 U.S.C. § 3142(e)(3) (Dkt. 63 at 2).  The Court agrees.  Due to the nature of the charges leveled against Defendant, the Court must presume, subject to rebuttal by Defendant, "that no condition or combination of conditions will reasonably assure the appearance of the … [Defendant] as required and the safety of the community."  18 U.S.C. § 3142(e)(3).

To determine whether there are conditions that will reasonably assure the Defendant's appearance and the safety of the community, the Court must consider:

1. "the nature and circumstances of the offense charged, including whether the offense … involves … a controlled substance, [or] firearm," 18 U.S.C. § 3142(g)(1);
2. "the weight of the evidence against … [Defendant]," 18 U.S.C. § 3142(g)(2);
3. "[Defendant's] character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings," 18 U.S.C. § 3142(g)(3)(A); and
4. "the nature and seriousness of the danger to any person or the community that would be posed by … [Defendant's] release." 18 U.S.C. § 3142(g)(4).

**MEMORANDUM OPINION & ORDER - 3**

# FINDINGS IN SUPPORT OF DEFENDANT'S PRE-TRIAL DETENTION

1. **The controlled substance and firearm-related charges faced by Defendant support his continued detention.**

As discussed above, Defendant is charged with controlled substance and firearm-related offenses. Defendant faces a mandatory minimum of 40 years and up to a maximum sentence of life in prison stemming from these charges (Dkt. 63 at 2). Defendant argues he should be released because (1) the trafficking ring in which he participated was composed of undercover federal officers and (2) he did not commit any acts of violence with the possessed weapon (Dkt. 51 at 5). The Court disagrees. The presence of undercover officers is irrelevant to whether, upon release, the Defendant poses a flight risk. Furthermore, the fact that Defendant did not fire or brandish the gun as he engaged in drug trafficking activities also lends only nominal support towards releasing Defendant. Neither fact comes close to outweighing the significant charges leveled against Defendant and the associated forty years to life sentence that he faces. The Court easily concludes that the Government has shown, by a clear preponderance of the evidence, that Defendant is a flight risk.

2. **The strength of the evidence supports Defendant's continued detention.**

Although Defendant is correct that the strength of the evidence against him is the least important factor in the Court's analysis, *Motamedi*, 767 F.2d at 1408, the strength of the evidence still favors Defendant's continued detention pending trial. The Government proffers that Defendant's conduct has been captured on video and audio recordings (Dkt. 63 at 3). Additionally, as Defendant himself acknowledges, the primary witnesses

**MEMORANDUM OPINION & ORDER - 4**

against him will be the undercover federal officers with whom he was purportedly conspiring (Dkt. 51 at 5). Finally, at the time of his arrest, he admitted to many of the facts underlying the charges against him. Although the Court does not assign much weight to the evidence against Defendant, the strength of that evidence supports the Court's conclusion that Defendant may, in the face of a mandatory minimum sentence of 40 years, present a serious flight risk.

### 3. Arguments regarding Defendant's ties to the community are inconclusive.

The Defendant and Government make much of the Defendant's strong ties (or the lack of such ties) to the community. Defendant argues that he has secured housing in Caldwell at his parent's residence and potential employment at Automotive Technical Services in Boise[2] (Dkt 51 at 4-5). Furthermore, Defendant notes that he has significant family ties in the area including his ex-wife, Michelle McCollough, and Ms. McCollough's son from a prior relationship, Justin Norton, who Defendant says he has a close relationship with (Dkt 51 at 4-5). Finally, Defendant notes that his mother, father, sister and brother all live in Idaho (Dkt 51 at 5).

The Government responds that Defendant is recently divorced from Ms. McCollough and has an uncertain living situation with his parents (Dkt. 63 at 6-7).

---

[2] During the hearing before me, the defendant provided testimony from a co-owner of a locksmith business who testified that he would be prepared to give the McCollough immediate employment working in his shop re-configuring locks. However, that testimony was less than persuasive. Frankly, despite testimony to the contrary, I am very skeptical that a bonded locksmith could employ an individual facing the charges which have been brought against McCullough without jeopardizing their bond. In addition, it was unclear whether the witness truly understood the significance of the charges or the evidence of McCollough's dishonesty with his employer, the Idaho Department of Corrections.

**MEMORANDUM OPINION & ORDER - 5**

Furthermore, the Government notes that Defendant is in a relationship with a woman in California and has travelled to Mexico in the past two years (Dkt. 63 at 6-7). Finally, the Government notes that Defendant currently lacks employment and deceived two prior employers (the Idaho Department of Corrections and a towing company for whom Defendant worked as an operator) as part of the conspiracy (Dkt. 63 at 6-7). In short, Government argues that Defendant's "strong historic ties to the District of Idaho" are "dwindling" (Dkt. 63 at 7).

The Court finds that the Government's and Defendant's arguments are inconclusive. Although Defendant has roots in the District of Idaho after living here for the past 12 years, his ties to the District are waning. Mr. McCollough no longer has a nuclear family in the District of Idaho. His housing and employment situations are also uncertain. Even if the Court found that Defendant's ties to the community favored his release, that finding would be insufficient to overcome the other factors which strongly favor Defendant's continued detention as a flight risk.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant poses a substantial flight risk. Simply put, facing a minimum of 40 years in prison on very serious guns and drug charges, the Defendant has every incentive to flee the jurisdiction, and precious few incentives to remain and face the charges now pending against him. Therefore, Defendant's Motion for Revocation of Detention Order and Request for Hearing (Dkt. 51) is hereby DENIED.



DATED: August 30, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge