UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD MCCOLLOUGH,<br><br>Defendant. | Case No. 1:18-CR-00113-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Richard McCollough's second Motion for Reduction in Sentence under 18 U.S.C. § 3582(c)(1)(A). Dkt. 164. The Government opposes the Motion. Dkt. 166. For the reasons that follow, the Court will deny the Motion.

# BACKGROUND

Richard McCollough was a correctional officer with the Idaho Department of Correction (IDOC) in 2017 when he engaged in a series of serious crimes. Using his position as a correctional officer, McCollough participated in and recruited other correctional officers to participate in what they believed to be a large-scale drug trafficking operation. The operation, however, was a sham created by the FBI

MEMORANDUM DECISION AND ORDER - 1

after receiving information that McCollough was willing to utilize his position with IDOC to participate in criminal activity for pay. No drugs were sold to the public and no violence ensued.

During an undercover operation spanning fourteen months, McCollough accepted bribes to pass notes to inmates (who were FBI confidential human sources), recruited at least one other IDOC employee to participate in the operation, and provided security and assistance for criminal money exchanges, sales of narcotics, and for transportation of narcotics. Dkt. 122.  In some of these occurrences, McCollough possessed a firearm and wore his IDOC uniform to undermine any suspicion of wrongdoing.

In 2018, McCollough pled guilty to two counts of possession of a firearm in furtherance of a drug trafficking crime. 18 U.S.C. § 924(c). Due to the nature of his crimes, McCollough was set to receive a thirty-year mandatory minimum sentence. However, after he agreed to cooperate with the Government, McCollough received credit under § 5K1.1 of the sentencing guidelines. Furthermore, the passing of the First Step Act of 2018 significantly reduced his potential sentence. This Court then sentenced him to 97 months in prison. McCollough is currently incarcerated at USP Lompoc.

McCollough is 41 years old and suffers from obesity which puts him at

MEMORANDUM DECISION AND ORDER - 2

greater risk of severe complications from COVID-19. McCollough also suffers from sleep apnea, and purportedly also suffers from depression, which may increase his risk of severe complications from COVID-19. Yet, McCollough has refused to receive the COVID-19 vaccination.

## LEGAL STANDARD

McCollough seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id*. Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." *Id*.; *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021). *See also United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut*, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

## ANALYSIS

McCullough submitted a request for compassionate release to the warden of

USP Lompoc in March 2022. Therefore, McCollough meets the exhaustion requirement of § 3582(c)(1)(A) and his Motion is ripe for consideration.

The Court finds that McCollough has not met his burden to show that his release is warranted under § 3553(a). For that reason, the Motion will be denied, even if "extraordinary and compelling reasons" exist to justify a sentence reduction under § 3582(c)(1)(A).

### A. 18 U.S.C. § 3553(a)

U.S.C. § 3553(a) in relevant part directs the courts to impose a sentence which considers:

(1) [T]he nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner…

The § 3553(a) factors do not warrant a reduction of McCollough's sentence. McCollough has a year left of his sentence. As this Court remarked at sentencing, McCollough abused a position of profound trust and recruited others to do the same. Not only did McCollough participate in the operation, he orchestrated it. Deterrence for this type of conduct is necessary.

MEMORANDUM DECISION AND ORDER - 4

The First Step Act of 2018 provided relief for McCollough by preventing a much lengthier sentence. The Court thus finds that the § 3553(a) factors do not warrant a further reduction. Further, the Court has considered McCollough's post-sentence conduct and medical history and finds that they do not significantly alter the § 3553(a) analysis.

### B.     Extraordinary and Compelling Reasons

McCollough's health conditions may constitute extraordinary and compelling circumstances, but they do not outweigh the § 3553(a) analysis. Further, McCollough may still receive the COVID-19 vaccination to mitigate the risk of severe complications in the event of a COVID-19 infection.

### ORDER

**IT IS ORDERED that** Defendant's Motion for Compassionate Release (Dkt. 164) is **DENIED**.

DATED: April 7, 2023

_____
B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 5**